IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| LESTER ALEXANDER ROMERO-AVILA,<br><br>    Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General, et al.,<br><br>    Respondents. | 0:26-CV-1448<br><br>MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

  The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner contends their detention is unlawful due to denial of a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 5.

  The briefing demonstrates that the petitioner's application for the writ only presents issues of law—and the government does not dispute this point, having been directed to address it, *see* filing 3 at 2; filing 5—so the Court declines to hold a hearing. *See* § 2243. The Court will grant the petition for the reasons thoroughly articulated by this Court in *Velasco Hurtado v. Bondi*, No. 26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026).[1]

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g.*, *Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and*

The government asserts that this case is distinguishable from *Velasco Hurtado*, and other cases the Court has decided presenting similar issues regarding the interpretation of 8 U.S.C. §§ 1225 and 1226, because the petitioner in this case was encountered upon entering the country in 2022 and released on recognizance until he was redetained in 2026. Filing 5 at 2. That's not a meaningful distinction, because the Court has repeatedly confronted similar circumstances. *E.g. Duarte Salazar v. Noem*, No. 26-CV-1040, 2026 WL 381889 (D. Minn. Feb. 11, 2026); *accord Andrade Suquilanda v. Bondi*, No. 26-CV-1312, 2026 WL 381847 (D. Minn. Feb. 11, 2026).

In fact, to the extent that the petitioner's previous detention and release on recognizance actually makes a difference, it makes the government's argument worse, not better. As the Court has explained, if the petitioner was at some point an "arriving alien," but the government decided to release him anyway, that places the petitioner even more firmly into the discretionary detention framework of § 1226(a). *Duarte Salazar*, 2026 WL 381889, at *1-2. And as in previous cases, the government has provided neither evidence nor argument that officials have conducted any of the proceedings necessary to revoke a release. *See Duarte Salazar*, 2026 WL 381889, as *2;  (D. Minn. Feb. 11, 2026); *Andrade Suquilanda*, 2026 WL 381847, at *1. In this case the government hasn't even produced as much as an administrative warrant. *Compare id.*, *with* filing 5.

The government also inexplicably cites *Chen v. Almodovar*, No. 25-CV-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025) as having " recently considered this issue and agreed that an asylum seeker was 'seeking admission' even

---

*recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). <u>Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment</u>. *See* § 2412(d)(1)(B).

under the narrower interpretation of § 1225(b) adopted by most courts." Filing 5 at 4. That's not "this issue" as explained in the rest of the government's brief, as it provides no support for the argument discussed above. In fact, there's nothing in this record suggesting that the petitioner even *has* an asylum claim (aside from the government's peculiar discussion of *Chen*). *See* filing 1; filing 5. And even if he did, the Court has already explained why that doesn't make a difference. *See Velasco Hurtado*, 2026 WL 184884, at *4. Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall, if necessary, immediately return the petitioner to the District of Minnesota.

3. When the petitioner is in Minnesota, the government shall immediately release the petitioner from custody with no new conditions, and shall return any personal property seized from the petitioner when detained.

4. No later than **February 20, 2026**, the government shall file a status report certifying compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 18th day of February, 2026.

BY THE COURT:

*[signature]*
John M. Gerrard
Senior United States District Judge

3